# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHERYL A. SLATER, | |
| Plaintiff, | CIVIL ACTION NO. 3:07-CV-2304 |
| v. | (JUDGE CAPUTO) |
| SUSQUEHANNA COUNTY, et al, | |
| Defendants. | |

## **MEMORANDUM**

Presently before the Court are Defendants Susquehanna County, Susquehanna County Correctional Facility, Susquehanna County Prison Board, Donald Stewart, and William Brennan's ("Defendants") motion to dismiss Plaintiff's Amended Complaint (Doc. 26.) pursuant to Federal Rule of Civil Procedure 12(b)(6) and motion for more definite statement pursuant to Federal Rule of Civil Procedure 12(e). (Doc. 29.)

The motion to dismiss by individual Defendants Brennan and Stewart will be granted in part and denied in part. All claims against Defendants Stewart and Brennan in their official capacities will be dismissed because their municipal employers are named Defendants in this case. Count III will be dismissed against Defendants Stewart and Brennan because the Age Discrimination and Employment Act ("ADEA") does not provide for individual liability. Count IV will be dismissed against Defendants Stewart and Brennan because Title VII likewise does not provide for individual liability. Defendants Stewart and Brennan's motion to dismiss Count VIII will be denied because the Pennsylvania Human Relations Act ("PHRA") provides for individual liability for aiding and abetting discrimination.

The motion to dismiss by all moving Defendants will be granted in part and denied in part.  Counts V and VI for conspiracy and intentional infliction of emotional distress will be dismissed against Defendants Susquehanna County, Susquehanna County Correctional Facility, and Susquehanna County Prison Board because they are immune under the Political Subdivision Tort Claims Act ("PSTCA").  Defendants Stewart and Brennan's motion to dismiss Counts V and VI will be denied because, due to the willful misconduct exception of the PSTCA, Plaintiff has alleged state claims.  Count IV will be dismissed against all remaining Defendants to the extent that it alleges discrimination based on age because Title VII does not provide remedy for this type of discrimination.

Defendants' motion for a more definite statement will be granted in part and denied in part.  Defendants' motion for a more definite statement of Counts I, II, III, and IV for violation of Plaintiff's First Amendment rights will be granted because Plaintiff fails to allege the instances of speech which caused Defendant's alleged retaliation. Defendants' motion for more definite statement of Counts III and IV for hostile work environment will be denied because Plaintiff sufficiently states an alleged instance of discrimination.  Defendants' motion for more definite statement of Count VII will be denied because Plaintiff specifically alleges the speech against which she was retaliated.

This Court has jurisdiction pursuant to 28 U.S.C. § 1331 over federal law actions arising under 42 U.S.C. §§ 1983 and 1985  ("federal question jurisdiction").  This Court has jurisdiction pursuant to 28 U.S.C. § 1367 over state law claims arising out of the same common nucleus of operative fact as Plaintiff's federal law claims  ("supplemental jurisdiction").

**BACKGROUND**

The facts alleged in Plaintiff's Amended Complaint are as follows.

The Plaintiff in this matter is Cheryl A. Slater, a former Susquehanna County correctional officer at Susquehanna County Prison. (Am. Compl. ¶ 14, Doc. 26.) Ms. Slater is a white female, who, at the time of her last employment by Susquehanna County, was fifty-seven (57) years old. (*Id*. ¶¶ 13-14.) Moving Defendants are Susquehanna County ("Defendant County"), a Pennsylvania municipality; Susquehanna County Correctional Facility ("Defendant Facility"), a subdivision of Susquehanna County; Susquehanna County Prison Board ("Defendant Board"), a group of adult individuals who administer Defendant Facility; Donald Steward, a prison warden at Defendant Facility; and William Brennan, another warden at Defendant Facility. (*Id*. ¶¶ 6-10, 17.) The Teamsters Local Union 229 ("Defendant Union") and Jack McGrail, a business representative for Defendant Union, are also Defendants. (*Id*. ¶¶ 11-12, 18.)

As alleged in Plaintiff's Amended Complaint, Plaintiff and other female correctional officers over the age of fifty (50) have been harassed by supervisors and other officers, including a group called the "Secret Sisters," who were aided and abetted by prison wardens and Defendant McGrail. (*Id*. ¶ 18.) Due to the gross negligence of other correctional officers, a female inmate died on April 2, 2004. (*Id*. ¶ 23.) Plaintiff was accused of being an informant for the deceased prisoner and was interviewed by a private investigator, during which time Defendant Brennan eavesdropped on the conversation. (*Id*. ¶¶ 24-26.) Defendants attempted to intimidate and silence Plaintiff, believing that she had information concerning the death of the prisoner. (*Id*. ¶ 34.)

Defendants Brennan and Stewart solicited false write-ups from the "Secret Sisters," and Defendants began to manufacture and blame Plaintiff for violations of prison policy.  (*Id.* ¶¶ 22, 27.)  As a result of Plaintiff making Defendant Board aware of the problems at the prison, Defendant Stewart suspended and then terminated Plaintiff.  (*Id.* ¶¶ 28-29.)

Plaintiff complained of discrimination to Defendants Board, Brennan, and Stewart, but they failed to respond other than to accuse Plaintiff of wrongdoing in an attempt to discredit and fire her.  (*Id*. ¶ 20.)  Similar complaints to Defendant Union were ignored.  (*Id*. ¶ 21.)  Defendants County and Board, despite being aware of their employees' improper conduct, failed to: (1) supervise and train their employees; (2) implement policies to stop said employee conduct; and (3) investigate or ameliorate discriminatory practices by their employees.  (*Id.* ¶ 16.)  Plaintiff was subject to a hostile work environment due to her age and gender.  (*Id*. ¶ 19.)  Plaintiff filed two (2) grievances: one grievance for Plaintiff's suspension, which was not handled in a timely fashion, and another for Plaintiff's termination, which has still not been handled.  (*Id*. ¶¶ 30-31.)

Plaintiff claims that she was discriminated against in the terms and conditions of her employment due to her gender and age, that she was retaliated against for exercising her First Amendment rights, and that she was not afforded procedural due process and equal protection under the Fourteenth Amendment.  (*Id*. ¶¶ 32-33.)

Plaintiff filed her Complaint on December 21, 2007.  (Compl., Doc. 1.)  Plaintiff filed an Amended Complaint on March 28, 2008.  (Am. Compl., Doc. 26.)  Moving Defendants filed the present motion to dismiss and motion for a more definite statement on April 18, 2008.  (Doc. 29.)  These motions are briefed and ripe for disposition.

4

**LEGAL STANDARD**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, Plaintiff has not plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. ----, 127 S.Ct. 1955, 1960, 167 L.Ed.2d 929 (2007), meaning, enough factual allegations "to raise a reasonable expectation that discovery will reveal evidence of" each necessary element. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring complaint to set forth information from which each element of a claim may be inferred). In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, --- U.S. ----, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam). "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. V. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus.. Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993), *cert. denied*, 510 U.S. 1042 (1994). The Court may also consider "undisputedly authentic" documents where the plaintiff's claims are based on the documents and the

5

defendant has attached a copy of the document to the motion to dismiss. *Id*. The court need not assume that the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998), nor credit a complaints "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether the plaintiff is entitled to offer evidence in support of the claims. *See  Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The Court does not consider whether the plaintiff will ultimately prevail. *See id*. The defendant bears the burden of establishing that the plaintiff's complaint fails to state a claim upon which relief can be granted. *See Gould Elecs. Inc., v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

## DISCUSSION

**I.    42 U.S.C. § 1981**

Defendants' brief in support of their motion to dismiss addresses allegations of 42 U.S.C. § 1981 violations. (Defs.' Br. in Supp., Doc. 30, Ex. A, at 5.) While Plaintiff raised § 1981 allegations in her original Complaint, she did not present such claims in her Amended Complaint. (Compl. ¶ 35, Doc. 1.); (Am. Compl., Doc. 26.) Therefore, Defendant's arguments pertaining to § 1981 are moot, and this Court will not address them.

**II.     Motion to Dismiss by Individual Defendants Stewart and Brennan**

*A.     Claims Against Defendants Stewart and Brennan in Their Official Capacities*

It is unclear from Plaintiff's Amended Complaint whether Defendants Stewart and Brennan are being sued in their individual or official capacities.  For the purposes of this motion to dismiss, this Court assumes that they are being sued in both capacities.  However, because an official capacity suit against an employee of a municipality is the same as a suit against the municipality itself, when both a municipality and its employee are sued, the suit against the employee in his official capacity is dismissed.  *See generally Poli v. SEPTA*, Civ. A. No. 97-6766, 1998 WL 405052, at *12 (E.D. Pa. July 7, 1998).  Therefore, because Defendants Stewart and Brennan are sued in their official capacities, and their employer, municipal Defendant County, is sued as well, the claims against Defendants Stewart and Brennan in their official capacities will be dismissed.  This Court will address claims against these Defendants in their individual capacities in turn.

*B.     Count III - Age Discrimination*

Count III of Plaintiff's Amended Complaint is a claim for discrimination based on age.  (Am. Compl. ¶ 43, Doc. 26.)  Specifically, Plaintiff claims that, because of her age, Defendants Stewart and Brennan harassed, intimidated, retaliated against, terminated, and created a hostile work environment for her.  (*Id*. ¶¶ 43-45.)  The Age Discrimination and Employment Act ("ADEA"), 29 U.S.C. § 623(a)(1), states that:

> [i]t shall be unlawful for an employer to fail or refuse to hire or
> to discharge any individual, or otherwise to discriminate against
> any individual with respect to his compensation, terms,
> conditions or privileges of employment, because of such

7

individual's age.

For ADEA purposes, an employer is:

> a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year: Provided, That prior to June 30, 1968, employers having fewer than fifty employees shall not be considered employers. The term also means (1) any agent of such a person, and (2) a State or political subdivision of a State and any agency or instrumentality of a State or a political subdivision of a State, and any interstate agency, but such term does not include the United States, or a corporation wholly owned by the Government of the United States.

29 U.S.C. § 630.  This statute presents a question of whether an individual employee of a business or municipality, such as Defendant Stewart or Defendant Brennan, can be held liable for discrimination under the ADEA.  The answer to this question is a topic of some disagreement between the various Circuit Courts of Appeals.  *See generally Miller v. Maxwell's Intern, Inc.*, 991 F.2d 583, 587 (9th Cir. 1993).

While the Third Circuit Court of Appeals has not ruled directly on this issue, it has suggested, albeit through dicta, that it agrees with other Circuit Courts of Appeals' holdings that the ADEA does not provide for individual liability because individual employees are not employers.  *See Hill v. Borough of Kutztown*, 455 F.3d 225, 246 (3d Cir. 2006);  *Miller v. Maxwell's Intern, Inc.*, 991 F.2d 583 (9th Cir. 1993) (holding that dismissal of plaintiff's complaint for failure to state a claim was proper because defendants, employees of a large corporation, were sued in their individual capacities); *see generally Horwitz v. Bd. of Educ. of Avoca Sch. Dist. No. 37,* 260 F.3d 602, 610 (7th Cir. 2001); *Medina v. Ramsey Steel Co., Inc.,* 238 F.3d 674 (5th Cir. 2001); *Smith v.*

*Lomax,* 45 F.3d 402, 403 (11th Cir. 1995); *contra Hamilton v. Rodgers*, 791 F.2d 439, 442-43 (5th Cir. 1986), *limited by*, *Harvey v. Blake*, 913 F.2d 226, 227-28 (5th Cir.1990).

In this Third Circuit Court of Appeals Decision in *Hill*, the plaintiff brought an ADEA claim against his municipal employer for constructive discharge by the municipality's mayor. 455 F.3d at 246. The court noted that although the plaintiff did not bring an ADEA claim against the mayor, he could not have brought such a claim because the ADEA does not provide for individual liability. *Id*.

The Third Circuit Court of Appeals also ruled that Title VII of the Civil Rights Act of 1964 does not provide for individual liability. *Kachmar v. SunGard Data Sys., Inc.*, 109 F.3d 173, 184 (3d Cir 1997). The *Hill* Court relied on this case to support its dicta regarding the ADEA's prohibition of individual liability; the court stated that in many ways Title VII is a parallel statute to the ADEA, and thus, it makes sense to interpret both statutes in a similar fashion. *Hill*, 455 F.3d at 246. This reasoning is important because such reasoning has been used by other Circuit Courts of Appeals in determining that individual liability does not exist under the ADEA. *See generally Miller*, 991 F.2d at 583. Furthermore, all United States District Courts in Pennsylvania agree that the ADEA does not provide for individual liability. *See Heinz v. Belcan Engineering Corp.*, Civ. A. No. 95-615, 1995 WL 606789 (W.D. Pa. Aug. 16, 1995); *Pierce v. Philadelphia Housing Authority*, Civ. A. No. 94-4180, 1995 WL 447614, at *2 (E.D. Pa. Jul 26, 1995); *Perepchuck v. Friendly's Ice Cream Corp.*, Civ. A. No. 3:CV-97-1988, 2000 WL 1372876, at *4 (M.D. Pa. Mar. 28, 2000) (Vanaskie, J.) (finding that due to the parallel structure of Title VII and the ADEA and a large body of convincing precedent from various circuits, the

ADEA does not provide for individual liability). Therefore, in reliance on this strong body of precedent and Defendants Stewart and Brennan's status as individual defendants, this Court finds that Defendants Stewart and Brennan cannot be sued for age discrimination under the ADEA, and Count III will be dismissed against them.

    *C.*    *Count IV - Gender Discrimination*

Court IV of Plaintiff's Amended Complaint is a claim for violation of Title VII of the Civil Rights Act of 1964.  Plaintiff alleges that Defendants Stewart and Brennan created a hostile work environment because of Plaintiff's gender and conspired to create baseless reasons for her termination.  (Am. Compl. ¶ 47-48, Doc. 26.)  Under Title VII, it is unlawful for an employer:

> to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C. § 2000(e)(2).  Under Title VII:

> [t]he term "employer" means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person, but such term does not include (1) the United States, a corporation wholly owned by the Government of the United States, an Indian tribe, or any department or agency of the District of Columbia subject by statute to procedures of the competitive service (as defined in section 2102 of Title 5), or (2) a bona fide private membership club (other than a labor organization) which is exempt from taxation under section 501(c) of Title 26, except that during the first year after March 24, 1972, persons having fewer than twenty-five employees (and their agents) shall not be considered employers.

42 U.S.C. § 2000(e)(1).  The Third Circuit Court of Appeal's disposition on individual

liability under Title VII is clear - Congress did not intend to enact individual liability with this statute. *See Kachmar*, 109 F.3d at 184 (citing *Sheridan v. E.I. DuPont de Nemours and Co.*, 100 F.3d 1061 (3d Cir. 1996)). Therefore, because Defendants Stewart and Brennan are sued as individuals, they cannot be sued for gender discrimination under Title VII, and Count IV will be dismissed against them.

  D. *Count VIII - Pennsylvania Human Relations Act*

Count VIII of Plaintiff's Amended Complaint alleges a violation of the Pennsylvania Human Relations Act ("PHRA"). The PHRA prohibits discrimination by employers on the basis of gender. *See* 43 P.S. § 955. However, the act also states that it is prohibited that:

> any person, employer, employment agency, labor organization or employee, to aid, abet, incite, compel or coerce the doing of any act declared by this section to be an unlawful discriminatory practice, or to obstruct or prevent any person from complying with the provisions of this act or any order issued thereunder, or to attempt, directly or indirectly, to commit any act declared by this section to be an unlawful discriminatory practice.

43 P.S. § 955. This statute asserts individual liability under the PHRA to the extent that "an individual supervisory employee can be held liable under an aiding and abetting/accomplice liability theory pursuant to [the PHRA] for his own direct acts of discrimination or for his failure to take action to prevent further discrimination by an employee under supervision." *Petrunich v. Sun Bldg. Systems, Inc.*, Civ. A. No. 3:CV-04-2234, 2006 WL 2788208, at *5 (M.D. Pa. Sept. 26, 2006) (Vanaskie, J.) (quoting *Davis v. Levy, Angstreich, Finney, Baldante, Rubenstein & Coren P.C.*, 20 F. Supp. 2d 885, 887 (E.D. Pa. 1998)). *See also Santarelli v. National Bank Co., Inc.*, 41 Pa. D. & C. 4th 483, 491-92 (Pa. Ct. Comm. Pleas 1999).

Plaintiff alleges that, by suspending and terminating her, Defendant Stewart discriminated against her on the basis of gender and age. (Am. Compl. ¶¶ 28-29, Doc. 26.) This sufficiently alleges accomplice liability because it alleges Defendant Stewart's direct discrimination based on gender and age. Plaintiff further alleges that she complained of the discrimination that took place against her to Defendants Stewart and Brennan and that they did nothing to stop it. (*Id*. ¶ 20.) This sufficiently alleges a failure to act to prevent further discrimination. Therefore, Defendants' motion to dismiss Count VIII against Defendants Stewart and Brennan will be denied.

**II.    Motion to Dismiss by All Moving Defendants**

*A.    Count IV - Violation of Title VII of the Civil Rights Act of 1964*

Count IV alleges that Defendants County, Facility, and Board discriminated against Plaintiff based on gender and age, which is a violation of Title VII of the Civil Rights Act of 1964. (Am. Compl. ¶ 49, Doc. 26.) However, Title VII provides relief for discrimination based on "race, color, religion, sex, or national origin." 42 U.S.C. § 2000(e)(2). Therefore, Plaintiff's claims for age discrimination under Title VII in Count IV will be dismissed against Defendants County, Facility, and Board.

*B.    Political Subdivision Tort Claims Act*

Plaintiff's Amended Complaint raises two (2) state tort law claims in Counts V and VI: conspiracy and intentional infliction of emotional distress. (Am. Compl. ¶¶ 50, 52, Doc. 26.) All Defendants argue that they are immune from these state law claims under the Political Subdivision Tort Claims Act ("PSTCA"), 42 Pa. Cons. Stat. Ann. § 8541, and that these claims should be dismissed. (Br. in Supp., Doc. 30, Ex. A, at 11.) The PSTCA

12

provides that "[n]o local agency shall be held liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." 42 PA. CONS. STAT. ANN. § 8541. A local agency is "a government unit other than the Commonwealth government" 42 PA. CONS. STAT. ANN. § 8501. Defendants County, Facility, and Board are local agencies. The PSTCA includes eight (8) exceptions to local agency immunity: vehicle liability; care, custody, or control of personal property; real property; trees, traffic controls, and street lighting; utility service facilities; streets; sidewalks; and care, custody, or control of animals. 42 PA. CONS. STAT. ANN. § 8542(b). The present state claims do not fit into any of these exceptions to local agency immunity, and Defendants County, Facility, and Board are immune from Counts V and VI of the Amended Complaint.

State officials are protected by the PSTCA as well. However, a willful misconduct exception exists: a public official does not receive immunity when his action "constituted a crime, actual fraud, actual malice or willful misconduct." 42 PA. CONS. STAT. ANN. § 8550. Under this provision, public officials can be held liable for intentional torts, such as conspiracy and intentional infliction of emotional distress. Therefore, Defendants Stewart and Brennan's motion to dismiss Counts V and VI will be denied.

If an employee engages in willful misconduct, thereby losing individual immunity, local agencies are not liable for their employees' willful misconduct. *See DeBellis v. Kulp*, 166 F. Supp. 2d 255, 278 (E.D. Pa. 2001). Therefore, the willful misconduct exception does not apply to Defendants County, Facility, and Board, and they remain immune as stated above. Therefore, Counts V and VI will be dismissed against them.

**IV.     Motion for a More Specific Pleading**

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  If a complaint is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading," a party may move for a more definite statement. FED. R. CIV. P. 12(e).  Rule 12(e) motions, however, "are highly disfavored since the overall scheme of the federal rules calls for relatively skeletal pleadings and places the burden of unearthing factual details on the discovery process." *Hughes v. Smith*, No. 03-5035, 2005 U.S. Dist. LEXIS 2783, at *12 (E.D. Pa. Feb. 24, 2005) (quotations omitted). *See also Schaedler v. Reading Eagle Publications, Inc.*, 370 F.2d 795, 798 (3d Cir. 1967) ("Although the motion for a more definite statement continues to exist in Rule 12(e), it is directed to the rare case where because of the vagueness or ambiguity of the pleading the answering party will not be able to frame a responsive pleading.").

*A.     Counts I, II, III, IV, and VII - First Amendment Claims*

Count I of Plaintiff's Amended Complaint alleges that Defendants' behavior deprived Plaintiff of her rights secured by the First and Fourteenth Amendments to the Constitution, a violation of 42 U.S.C. § 1983.  (Am. Compl. ¶ 35, Doc. 26.)  Count II alleges that, in violation of 42 U.S.C. § 1985, Defendants conspired against Plaintiff in retaliation for having engaged in protected First Amendment activity and, in doing so, deprived Plaintiff of her First and Fourteenth Amendment rights.  (*Id.* ¶¶ 37-38.)  Count III alleges that Defendants retaliated against Plaintiff for engaging in a protected Equal Employment Opportunity ("EEO") activity and discriminated against her because of her

14

age, causing a hostile work environment and her termination.  (*Id*. ¶¶ 43-44.)  Count IV alleges that Plaintiff was, in retaliation for having engaged in prior EEO protected activity, discriminated against because of her gender and age.  (*Id*. ¶ 49.)  Finally, Count VII alleges that Defendants retaliated against Plaintiff for exercising her First Amendment rights, resulting in her wrongful discharge.  (*Id*. ¶ 54.)

All of the above counts indicate that Plaintiff was either deprived of her First Amendment rights or was retaliated against for exercising her First Amendment rights.  Defendants contend that because Plaintiff did not specifically identify what First Amendment speech she is referring to, nor make a claim of engaging in any protected speech, they cannot form a responsive pleading.  (Defs.' Br. in Supp, Doc. 30, Ex. A, at 10.)  This Court agrees.

Plaintiff's fact section of her Amended Complaint alleges three (3) instances of speech by Plaintiff - (1) she complained of discrimination and a hostile work environment to Defendants Board, Brennan, and Stewart; (2) she spoke to a private investigator about the death of a female inmate; and (3) she filed grievances for wrongful suspension and termination.  (Am. Compl. ¶¶ 20, 24-25, 30-31, Doc. 26.)  Plaintiff implies that prison employees, in retaliation for protected EEO activity and the view that Plaintiff was a whistle-blower in the death of the female inmate, manufactured charges against Plaintiff. (*Id*. ¶¶ 24-27.)  Plaintiff claims that Defendants attempted to silence Plaintiff, believing that she had information about the death of the prisoner, and caused a chilling effect on employee willingness to come forward.  (*Id*. ¶ 34.)  In Count VII, Plaintiff reiterates that she was retaliated against for reporting conduct which risked employee safety and integrity and that she was blamed for cooperating in the investigation of the death of the female

inmate and blowing the whistle on the improper conduct of the wardens and "Secret Sisters." (*Id.* ¶¶ 54-55.)

These allegations are not sufficient as to allow Defendants to "frame a responsive pleading." Count I contains a one sentence allegation of deprivation of Plaintiff's First Amendment rights, and because there are three (3) instances of speech alleged Plaintiff's fact section, it is unclear as to which instance of speech Plaintiff is referring to. Likewise, Count II alleges retaliation for protected First Amendment activity, with no reference to the specific speech Plaintiff engaged in. Counts III and IV claim that Plaintiff was retaliated against for protected EEO activity but fail to allege what the protected EEO activity is. Furthermore, Plaintiff's Amended Complaint spans a period of nearly three (3) years, if not longer, and yet, Plaintiff fails to allege the time and/or place in which her protected speech took place. Without this information, Defendants cannot be expected to respond to Plaintiff's allegations. Therefore, Defendants' motion for a more specific pleading on Counts I through IV for violation of Plaintiff's First Amendment rights will be granted.

Count VII of the Amended Complaint specifically states that the instances of speech Plaintiff is referring to are her complaint to prison officials about discrimination in the prison and her cooperation with the investigation into the death of an inmate. With this information, Defendants are able to respond to Plaintiff's Amended Complaint because Plaintiff refers specifically to a conversation with the private investigator investigating the death of a female inmate. The allegations are not so vague or ambiguous as to prevent Defendant's from framing a response. Defendants' motion for more definite pleading on Count VII will, therefore, be denied.

### B. *Counts III and IV - Hostile Work Environment*

Count III of Plaintiff's Amended Complaint alleges that Defendants discriminated against Plaintiff because of her age, harassed her, and intimidated her, resulting in a hostile work environment and her ultimate termination. (*Id*. ¶ 43.) Count IV alleges that because of Plaintiff's gender, Defendants discriminated against her and conspired to create reasons to terminate her, creating a hostile work environment and ultimately resulting in her termination. (*Id.* ¶¶ 46-47.) Defendants claim that Plaintiff does not describe the alleged harassment, detail who was involved and what they did, or state how often it occurred. (Defs.' Br. in Supp., Doc. 30, Ex. A, at 13.) Defendants contend that without an example of the offensive behavior, they cannot respond to the allegations. (*Id.*)

Plaintiff's Amended Complaint alleges that female correctional officers were harassed by their supervisors, other correctional officials, and the "Secret Sisters," a group who was aided, abetted, and encouraged by the Wardens. (Am. Compl. ¶ 18, Doc. 26.) Plaintiff alleges that Defendants Board, Stewart, and Brennan instituted a policy of accusing her of wrongdoing to discredit and terminate her. (*Id*. ¶ 20.) Plaintiff alleges that the individual Defendants solicited complaints against Plaintiff and women in her protected age group. (*Id*. ¶ 22.)

Plaintiffs allegations are sufficient to allow Defendants to "frame a responsive pleading." Defendants themselves state that Plaintiff "must at the very least give an example of the behavior she found offensive before the [they] can possibly respond to her allegations." (Br. in Supp., Doc. 30, Ex. A, at 13.) Plaintiff's Amended Complaint does just that. Plaintiff alleged that in discriminating against Plaintiff for her gender and age,

17

Defendants solicited false complaints against her.  (Am. Compl. ¶ 22, Doc. 26.)  Plaintiff's allegations are sufficient to put Defendants on notice of the Amended Complaint and the grounds upon which it rests and to allow them to respond.  Defendants will have adequate opportunity at discovery to "unearth the factual details" of Plaintiff's case.  Therefore, Defendants' motion for more definite statement as to Counts III and IV for hostile work environment will be denied.

## CONCLUSION

For the reasons stated above, this Court will grant in part and deny in part Defendants' motion to dismiss and grant in part and deny in part Defendants' motion for a more definite statement.

An appropriate Order follows.


| July 14, 2008 | /s/ A. Richard Caputo |
|---|---|
| Date | A. Richard Caputo |
| | United States District Judge |

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

CHERYL A. SLATER,

    Plaintiff

        v.

SUSQUEHANNA COUNTY, et al,

    Defendants.

NO. 3:07-CV-2304

(JUDGE CAPUTO)

**ORDER**

**NOW**, this __14th__ day of July, 2008, **IT IS HEREBY ORDERED THAT**

Defendants' motion to dismiss (Doc. 29) Plaintiff's Amended Complaint (Doc. 26) is

**GRANTED IN PART** and **DENIED IN PART** and Defendants' motion for a more definite

statement (Doc. 29) is **GRANTED IN PART** and **DENIED IN PART** as follows:

    (1)    Defendants' motion to dismiss Counts I, II, III, IV, V, VI, VII, and VIII against Defendants Brennan and Stewart is **GRANTED** to the extent that they are sued in their official capacities.

    (2)    Defendants' motion to dismiss Counts III and IV against Defendants Brennan and Stewart in their individual capacities is **GRANTED**.

    (3)    Defendants' motion to dismiss Count VIII against Defendants Brennan and Stewart in their individual capacities is **DENIED.**

    (4)    Defendants' motion to dismiss Counts V and VI is **GRANTED** against Defendants Susquehanna County, Susquehanna County Correctional Facility, and Susquehanna County Prison Board and **DENIED** against Defendants Brennan and Stewart in their individual capacities.

    (5)    Defendants' motion to dismiss Count IV, to the extent that it seeks remedy for discrimination based on age, is **GRANTED** against Defendants Susquehanna County, Susquehanna County Correctional Facility, and Susquehanna County Prison Board.

(6) Defendants' motion for more definite statement of Counts I, II, III, and IV is **GRANTED** with respect to the First Amendment claims.

(7) Defendants' motion for more definite statement of Count VII is **DENIED**.

(8) Defendants' motion for more definite statement of Counts III and IV with respect to the hostile work environment claims is **DENIED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge